UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

JORGE JERI,

                Plaintiff,              Civil Action No.: 18-CV-1089 (ADS)(ARL)

  -against-                              **ANSWER**

GREAT NECK CLEANER & HAND
LAUNDRY, INC. and SUNG HO CHO,

                Defendants.

---------------------------------------------------------------

Defendants GREAT NECK CLEANER & HAND LAUNDRY, INC. and SUNG HO CHO, by and through their attorney, RHA & KIM, LLP, answer the Plaintiff's Complaint as follows:

1. Lack information or knowledge sufficient to ascertain the truth or accuracy of the allegations contained in paragraph "1" of the Complaint.

2. All of the allegations contained in paragraph "2" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, they are denied, and Defendants refer questions of law to the Court.

3. All of the allegations contained in paragraph "3" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, they are denied, and Defendants refer questions of law to the Court.

4. All of the allegations contained in paragraph "4" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, they are denied, and Defendants refer questions of law to the Court.

5. Admit each and every allegation contained in paragraph "5" of the *Complaint*.

6. Admit each and every allegation contained in paragraph "6" of the Complaint.

7. Admit each and every allegation contained in paragraph "7" of the Complaint.

8. Admit each and every allegation contained in paragraph "8" of the Complaint.

9. Admit each and every allegation contained in paragraph "9" of the Complaint, except the portion stating that Defendant Cho has been an employer under the FLSA and the New York Wage and Hour Law, as said portion constitutes legal conclusion to which no response is required. Defendants refer said question of law to the Court.

10. Admit each and every allegation contained in paragraph "10" of the Complaint.

11. Admit each and every allegation contained in paragraph "11" of the Complaint.

12. Deny each and every allegation contained in paragraph "12" of the Complaint.

13. Deny each and every allegation contained in paragraph "13" of the Complaint.

14. Deny each and every allegation contained in paragraph "14" of the Complaint.

15. Deny each and every allegation contained in paragraph "15" of the Complaint.

16. Deny each and every allegation contained in paragraph "16" of the Complaint.

17. Admit each and every allegation contained in paragraph "17" of the Complaint.

18. Deny each and every allegation contained in paragraph "18" of the Complaint.

19. Deny each and every allegation contained in paragraph "19" of the Complaint.

20. Deny each and every allegation contained in paragraph "20" of the Complaint.

21. Admit in part and deny in part to the allegations contained in paragraph "21" of the Complaint. Defendants admit that portion of the allegations contained in paragraph "21" stating that Defendants possess time records for the hours that Plaintiff worked each day and each week for that period of his employment. Defendants deny the remaining allegations contained in paragraph "21" of the Complaint.

22. Deny each and every allegation contained in paragraph "22" of the Complaint.

23. Deny each and every allegation contained in paragraph "23" of the Complaint.

24. Deny each and every allegation contained in paragraph '24" of the Complaint.

25. Deny each and every allegation contained in paragraph "25" of the Complaint.

26. Admit each and every allegation contained in paragraph "26" of the Complaint.

27. Admit each and every allegation contained in paragraph "27" of the Complaint.

28. Admit each and every allegation contained in paragraph "28" of the Complaint.

29. Admit each and every allegation contained in paragraph "29" of the Complaint.

30. Admit each and every allegation contained in paragraph "30" of the Complaint.

31. Admit each and every allegation contained in paragraph "31" of the Complaint.

32. Admit each and every allegation contained in paragraph "32" of the Complaint.

33. Admit each and every allegation contained in paragraph "33" of the Complaint.

34. Admit each and every allegation contained in paragraph "34" of the Complaint.

35. Admit in part and deny in part to the allegations contained in paragraph "35" of the Complaint. Defendants admit that portion of the allegations contained in paragraph "35" stating that Defendants were aware of Plaintiff's work hours. Defendants deny the remaining allegations contained in paragraph "35" of the Complaint.

36. Deny each and every allegation contained in paragraph "36" of the Complaint.

37. Respond to the allegations incorporated by reference in paragraphs "37" of the Complaint in the same manner as said incorporated allegations were previously responded to herein.

38. All of the allegations contained in paragraph "38" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, they are denied, and Defendants refer questions of law to the Court.

39. All of the allegations contained in paragraph "39" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, they are denied, and Defendants refer questions of law to the Court.

40. Deny each and every allegation contained in paragraph "40" of the Complaint.

41. Deny each and every allegation contained in paragraph "41" of the Complaint.

42. Lack information or knowledge sufficient to ascertain the truth or accuracy of the allegations contained in paragraph "42" of the Complaint.

43. All of the allegations contained in paragraph "43" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, they are denied, and Defendants refer questions of law to the Court.

44. Deny each and every allegation contained in paragraph "44" of the Complaint.

45. All of the allegations contained in paragraph "45" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, they are denied, and Defendants refer questions of law to the Court.

46. All of the allegations contained in paragraph "46" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, they are denied, and Defendants refer questions of law to the Court.

47. Deny each and every allegation contained in paragraph "47" of the Complaint.

48. Deny each and every allegation contained in paragraph "48" of the Complaint.

49. Deny each and every allegation contained in paragraph "49" of the Complaint.

50. Respond to the allegations incorporated by reference in paragraphs "50" of the Complaint in the same manner as said incorporated allegations were previously responded to herein.

51. All of the allegations contained in paragraph "51" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, they are denied, and Defendants refer questions of law to the Court.

52. All of the allegations contained in paragraph "52" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, they are denied, and Defendants refer questions of law to the Court.

53. Deny each and every allegation contained in paragraph "53" of the Complaint.

54. Deny each and every allegation contained in paragraph "54" of the Complaint.

55. All of the allegations contained in paragraph "55" of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, they are denied, and Defendants refer questions of law to the Court.

56. Deny each and every allegation contained in paragraph "56" of the Complaint.

57. Deny each and every allegation contained in paragraph "57" of the Complaint.

58. Respond to the allegations incorporated by reference in paragraph "58" of the Complaint in the same manner as said incorporated allegations were previously responded to herein.

59. Deny each and every allegation contained in paragraph "59" of the Complaint.

60. Deny each and every allegation contained in paragraph "60" of the Complaint.

61. Deny each and every allegation contained in paragraph "61" of the Complaint.

62. Respond to the allegations incorporated by reference in paragraph "62" of the Complaint in the same manner as said incorporated allegations were previously responded to herein.

63. Deny each and every allegation contained in paragraph "63" of the Complaint.

64. Deny each and every allegation contained in paragraph "64" of the Complaint.

65. Deny each and every allegation contained in paragraph "65" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

66. Plaintiff has failed to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

67. Plaintiff's claims are barred by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

68. Plaintiff's claims for damages are barred or reduced, in whole or in part, to the extent that he failed to properly mitigate his alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

69. Plaintiff's claims are barred by the doctrine of release.

## FIFTH AFFIRMATIVE DEFENSE

70. Defendants reserve the right to allege additional defenses which may be discovered upon discovery in this action.

## FIRST COUNTERCLAIM
### (Abuse of Process)

71. Defendants repeat, re-allege, and incorporate by reference each and every allegation set forth in all preceding paragraphs inclusive with the same force and effect as if or as though fully set forth herein.

72. The instant action was filed by Plaintiff on or about February 21, 2018, and a copy of the Summons and Complaint was subsequently served upon Defendants.

73. At the time the Complaint was filed, it lacked any factual or legal basis, and this absence of grounds for bringing the Complaint were known to Plaintiff.

74. In fact, contrary to the allegations in the Complaint, Plaintiff received <u>and signed for</u> pay stubs, time cards, wage statements, and payment receipts throughout his employment by Defendants.

75. On or about March 5, 2018, Defendants' counsel provided a complete set of signed paystubs, receipts, and timecards, showing that Plaintiff has no legal basis for continuing to prosecute the instant action, to Plaintiff's counsel by email.

76. Those documents were all signed by Plaintiff.

77. Plaintiff's counsel has not responded in any way to the March 5, 2018 email, which plainly shows that this action lacks any legal or factual basis. Plaintiff and his counsel have refused to withdraw the Complaint.

78. Plaintiff commenced and are continuing the instant lawsuit without any legal or factual basis.

79. Upon information and belief, Plaintiff brought the instant action for the tortious use of legal process to attain some collateral objective.

80. Upon information and belief, Plaintiff's purpose in brining the instant action before this Court is to coerce Defendants for payment of additional compensation to which he is not entitled.

81. Upon information and belief, the true intent of Plaintiff is not legitimately to invoke the processes of the Court, but to coerce Defendants into paying money to which Plaintiff is not entitled.

82. By reason of the foregoing, Defendants have been damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendants Great Neck Cleaner & Hand Laundry, Inc. and Sung Ho Cho respectfully request judgment:

a. Dismissing Plaintiff's Complaint;

b. Denying the relief sought therein;

c. Awarding Defendants their costs, expenses, disbursements, and attorneys' fees in defending Plaintiff's claims;

d. Awarding Defendants judgment in an amount to be determined at trial on the First Counterclaim;

e. Awarding Defendants their costs, expenses, disbursements, and attorneys' fees in brining the instant Counterclaim; and

f. For such other and further relief as the Court may deem just and proper.

Dated: April 17, 2018
       Bayside, New York

Respectfully submitted,

RHA & KIM, LLP

By: _____
Andrew D. Grossman, Esq. (AG5302)
215-45 Northern Blvd., Suite 200
Bayside, New York 11361
Telephone: (718) 321-9797
Facsimile: (718) 321-9799
Email: agrossman@rhakimlaw.com