**FILED**
**CLERK**

10:35 am, Feb 20, 2019

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JORGE JERI,

      Plaintiff,

   -against-

GREAT NECK CLEANER & HAND
LAUNDRY, INC. and SUNG HO CHO,

      Defendants.

-------------------------------------------------------X

**MEMORANDUM OF**
**DECISION & ORDER**
2:18-cv-01089 (ADS)(ARL)

**APPEARANCES:**

**Neil H. Greenberg & Associates, P.C.**
*Attorneys for the Plaintiff*
4242 Merrick Rd
Massapequa, NY 11758
  By: Neil H. Greenberg, Esq.,
    Justin M. Reilly, Esq.,
    Heather Nicole Babione, Esq.,
    Melanie J. Lazarus, Esq., Of Counsel.

**Rha & Kim LLP**
*Attorneys for the Defendants*
215-45 Northern Blvd
Suite 200
Bayside, NY 11361
  By: Andrew David Grossman, Esq., Of Counsel.

**SPATT, District Judge**:

On February 20, 2018, plaintiff Jorge Jeri (the "Plaintiff") filed a Complaint against defendants Great Neck Cleaner & Hand Laundry, Inc. and Sung Ho Cho (collectively the "Defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL") and Part 142 of Title 12 of the Official Compilation of Codes, Rules, and Regulations of the State of New York ("12 N.Y.C.R.R. § 142"), to recover unpaid overtime compensation and for other relief. The Plaintiff also seeks to recover

1

statutory penalties from the Defendants for their failure to provide him with wage notices and wage statements in accordance with NYLL §§ 195(1) and 195(3), respectively.

On April 18, 2018, the Defendants filed their Answer in which they assert a counterclaim for abuse of process against the Plaintiff.

Presently before the Court is a motion by the Plaintiff, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(6) to dismiss the counterclaim. For the following reasons, the Court grants the Plaintiff's motion in its entirety.

## I.  BACKGROUND

The Plaintiff is a former employee of the Defendants who worked for them as an ironer at their laundromat from on or about November 10, 2015 until on or about February 14, 2018. The Plaintiff alleges that from on or about November 10, 2015 until on or about January 28, 2018, he generally worked for the Defendants six days per week, Monday through Saturday. During that time period, he generally worked either 46 or 48.5 hours per week, depending on the time of the year. According to the Plaintiff, the Defendants paid him a flat weekly salary throughout his employment and failed to pay him overtime compensation at a rate of one and one-half times his regular rate of pay when he worked in excess of forty (40) hours per week.

In support of his claims, the Plaintiff alleges that the Defendants did not require him to punch in or punch out for his shifts until after Defendants installed a time clock as a result of a Department of Labor Investigation. The Plaintiff further alleges that the Defendants maintained a set of records containing a false hourly rate of pay and a false weekly gross, which the Defendants required him to sign. Moreover, the Plaintiff claims that the Defendants failed to provide him with written wage statements along with his wages each week detailing the information required by NYLL § 195(3), as well as wage notices during his employment as required by NYLL § 195(1).

The Defendants' counterclaim asserts that the Complaint lacked any factual or legal basis at the time it was filed, and that Plaintiff knew of this absence of grounds for bringing the Complaint. The Defendants claim that the Plaintiff received and signed for pay stubs, time cards, wage statements, and payment receipts throughout his employment, citing a purported "complete set of signed paystubs, receipts, and timecards" that Defendants' counsel provided to Plaintiff's counsel by email on or about March 5, 2018. According to the Defendants, the Plaintiff's failure to respond to this e-mail demonstrates the absence of a colorable basis to bring his claims, and that the true reason for the Plaintiff's institution of this suit is to coerce the payment of additional salary to which he is not entitled.

## II. DISCUSSION

### A. THE LEGAL STANDARD

It is well-established that a complaint or counterclaim should be dismissed under Fed.R.Civ.P. 12(b)(6) only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Indeed, the issue on a motion to dismiss is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir.2001) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). "'Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009)).

In deciding a motion to dismiss, the Court must accept the material facts alleged in the complaint or counterclaim as true and draw all reasonable inferences in the plaintiff or defendant's

favor. *Ashcroft*, 129 S.Ct. 1937 at 1949–50; *Zinermon v. Burch*, 494 U.S. 113, 118, 110 S.Ct. 975, 979, 108 L.Ed.2d 100 (1990); *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 91 (2d Cir.2007). However, "that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris*, 572 F.3d at 72 (quoting Iqbal, 129 S.Ct. at 1949). As such, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and ... determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 129 S.Ct. at 1950. Only if this Court is satisfied that "the complaint cannot state any set of facts that would entitle the plaintiff to relief will it grant dismissal pursuant to Rule 12(b)(6)." *Hertz Corp. v. City of N.Y.*, 1 F.3d 121, 125 (2d Cir.1993).

**B. APPLICATION**

Under New York law, "a malicious abuse-of-process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *See Savino v. City of New York*, 331 F.3d 63, 69–70 (2d Cir.2003) (quotation and citation omitted). In addition, a claimant must allege special damages. *Kanciper v. Lato*, 989 F. Supp. 2d 216, 237 (E.D.N.Y. 2013) (Spatt, J.). For the following reasons, the counterclaim fails to satisfy any of these elements.

First, "[t]he mere commencement of a civil action by service of a summons and complaint, as alleged in this case, does not satisfy the requirement that there be regularly issued process which compels the performance or forbearance of a prescribed act." *James v. Saltsman*, 99 A.D.2d 797, 798, 472 N.Y.S.2d 129 (1984); *Hansen v. Rothschild*, 83 A.D.2d 548, 549, 441 N.Y.S.2d 27 (1981) ("Without more, the mere commencement of a civil action by service of a summons and complaint does not satisfy the requirement that there be regularly issued process which compels the

4

performance or forbearance of a prescribed act."). The Defendants therefore cannot state a claim

based on the Plaintiff's commencement of this action, because well-settled law considers the filing

of these documents to be merely the "process necessary to obtain jurisdiction and begin the

lawsuit" and thus "not legally considered process capable of being abused." *Curiano v. Suozzi*, 63

N.Y.2d 113, 116, 469 N.E.2d 1324 (1984); *see also Chrysler Corp. v. Fedders Corp.*, 540 F. Supp.

706, 725–27 (S.D.N.Y. 1982) (collecting cases) (noting that "[i]t has repeatedly been held that the

mere institution of a civil action which has occasioned a party trouble, inconvenience and expense

of defending, will not support an action for abuse of process").

The Defendants retort that the Plaintiff's refusal to withdraw the Complaint in light of the

evidence contradicting its allegations is a separate act upon which they may base their claim. The

Defendants provide no support for this conclusory assertion. If the filing of the Complaint cannot

serve as the basis of an abuse of process claim, neither can the Plaintiff's refusal to withdraw the

document.

Second, the counterclaim fails to allege an improper purpose. In order to adequately plead

an improper purpose, a claimant must allege that the defendant had a purpose in brining the action

that was collateral to – *i.e.,* beyond or in addition to – the action itself. *See Savino*, 331 F.3d at 77.

Put another way, the defendant must have used the process as a means to compel some other result.

*Goldring v. Zumo*, No. 14-cv-4861, 2015 WL 148451, at *3 (E.D.N.Y. Jan. 12, 2015); *see also*

*Jones v. Maples/Trump*, No. 98-cv-7132, 2002 WL 287752, at *7 (S.D.N.Y. Feb. 26, 2002)

("There must be an *abuse* of process which has as its direct object an effect outside the intended

scope of operation of the process employed.").

The Defendants contend that the Plaintiff's purpose for bringing this action is to coerce the

payment of additional compensation to which he is not entitled. Whether or not the Plaintiff is

entitled to the payment he seeks pertains to the merits of his allegations – an issue fundamentally within the intended scope of these proceedings. By definition, it therefore cannot constitute an improper collateral purpose.

Third, the counterclaim fails to allege special damages. Special damages are specific and measurable losses which must be alleged with sufficient particularity to identify actual losses and be related causally to the alleged tortious acts." *Kanciper*, 989 F. Supp. 2d at 237 (quoting *Morea v. Saywitz*, No. 09-cv-3935, 2010 WL 475302, at *3 (E.D.N.Y. Feb. 8, 2010)). Moreover, the injury to the claimant must be "some concrete harm that is considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit." *Kanciper*, 989 F. Supp. 2d at 237–238 (quoting *Engel v. CBS, Inc.*, 93 N.Y.2d 195, 205 (1999)).

Without explanation, the Defendants generally allege that they were damaged in an unspecified amount to be determined at trial. This allegation is insufficient as a matter of law. *See Kanciper*, 989 F. Supp. 2d at 237 ("round numbers and general allegations of dollar amounts are insufficient as special damages"); *TADCO Constr. Corp. v. Dormitory Auth. of NY*, 700 F.Supp.2d 253, 274 (E.D.N.Y.2010) (dismissing the plaintiff's abuse of process claim under New York law where he failed to plead special damages and only pled general damages).

To the extent the Defendants offer more specific information, it appears that they seek costs, expenses, disbursements, and attorney's fees in defending against the present lawsuit. These expenditures do not constitute special damages under New York law. *See Kanciper*, 989 F. Supp. 2d at 238 ("[A]ttorneys' fees and cost associated with defending a lawsuit do not rise to the level necessary to show special damages") (citing *Sankin v. Abeshouse*, 545 F. Supp. 2d 324, 328 (S.D.N.Y. 2008)); *Engel*, 93 N.Y.2d at 205; *Tacopina v O'Keeffe*, No. 14-cv-8379, 2015 WL 5178405, at *4 (S.D.N.Y. Sept. 4, 2015) (dismissing abuse of process claim for failure to allege

special damages even though actual damages were alleged in the form of fees incurred and future fees that would be incurred).

In sum, the Defendants' counterclaim attempts to bring a tort claim based solely on their belief that the Plaintiff's lawsuit lacks merit. If that fact alone provided grounds for an abuse of process claim, then every defendant would be entitled to such potential relief. The appropriate remedy for any deficiencies in the Plaintiff's claim is a motion to dismiss or a motion for summary judgment, not a separate cause of action for abuse of process.

Therefore, the Court grants the Plaintiff's motion to dismiss the counterclaim in its entirety.

## C. AS TO THE DEFENDANTS' REQUEST FOR LEAVE TO AMEND.

In their legal memorandum, the Defendants "respectfully request that the Court allow the counterclaim portion of the Answer be amended to include allegations of actual or special damages." The Defendants did not attach a proposed amended pleading to their request, or state how they would amend the Answer to repair the deficiencies identified above. The Court denies the Defendants' request for leave to amend the Answer at this juncture, as it is procedurally improper.

Courts have held that a bare request to amend a pleading contained in a brief, which does not also attach the proposed amended pleading, is improper under Rule 15. *See Malin v. XL Capital, Ltd.*, 312 F. App'x 400, 402–03 (2d Cir. 2009) ("[W]e have not required district courts to provide[] detailed explanations when denying cursory or boilerplate requests for [to amend a complaint], made solely in a memorandum in opposition to a motion to dismiss. (citing *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006) ("It is within the [district] court's discretion to deny leave to amend implicitly by not addressing the request [for leave to amend] when leave is requested informally in a brief filed in opposition to a motion to dismiss.").

Accordingly, the Court finds that the Defendants' request is procedurally improper under Rule 15 and, in its discretion, denies the motion to amend their Answer.

### III. CONCLUSION

For the foregoing reasons, the Court grants the Plaintiff's motion to dismiss the counterclaim in its entirety. As the problems involving the counterclaim related to fundamental inadequacies with the Defendant's cause of action, and any future amendments in subsequent counterclaims would be futile, the Court dismisses the counterclaim with prejudice.

It is **SO ORDERED**:

Dated:  Central Islip, New York

February 20, 2019

_____/s/ Arthur D. Spatt_____

ARTHUR D. SPATT

United States District Judge